UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Diana Elizabeth Guethlein,
    Plaintiff

vs

John E. Potter,
Postmaster General, United States
Postal Service,
    Defendant.

Case No. C-1-09-451
(Weber, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Partial Dismissal (Doc. 9), Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Dismissal (Doc. 16), and Defendant's Reply thereto (Doc. 21). Plaintiff brings this employment discrimination action alleging disability discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§701. Defendant seeks dismissal of Counts I and II of Plaintiff's Complaint and portions of Count III pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because Plaintiff failed to exhaust her administrative remedies.

## STANDARD OF REVIEW

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Additionally, Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to both "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct.1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949). Although the court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Twombly*, 550 U.S. at 555) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Iqbal*, 129 S. Ct. at 1949).

## BACKGROUND

Plaintiff was employed as a general clerk by the Postal Service's Cincinnati, Ohio Post Office. Plaintiff first contacted the Postal Service's Equal Employment Opportunity ("EEO") Counselor on April 21, 2005, regarding the administrative complaint which is the subject of the present action. (Doc. 9, Ex. 1, Attachment 1, EEO Dispute Resolution Specialist's Inquiry Report; Doc. 3, Complaint, Section I). On August 3, 2005, Plaintiff filed an Administrative Complaint alleging retaliation and discrimination based upon gender, age, and disability. (Doc. 9, Attachment 2, EEO Complaint). As a basis for her claims, Plaintiff cited these specific events: (1) on August 17, 2004, Plaintiff was told to work outside of her restrictions; (2) on January 12, 2005, Plaintiff was given FMLA papers to complete; (3) on January 28, 2005, Plaintiff was issued a Letter of Warning dated February 8, 2005 for her failure to report for a pre-disciplinary interview; (4) Plaintiff was issued a Notice of Suspension dated April 29, 2005 for failing to comply with a April 20, 2005 letter instructing her to report to the Mid-City Station on April 27, 2005, for a pre-disciplinary interview. (Id.). The Postal Service accepted only the last issue for investigation and dismissed the remaining issues as untimely. Additionally, the Postal Service dismissed the first issue because it was previously raised in a prior administrative complaint. (Id., Attachment 3). The Postal Service, therefore, investigated the remaining issue identified in Plaintiff's August 3, 2005, Administrative Complaint. Plaintiff did not appeal the dismissal of these issues. (Id., Attachment 4). At the conclusion of the investigation, Plaintiff requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge. However, no hearing was held and the assigned EEOC Administrative Judge issued a decision without a hearing, finding no discrimination on the part of the Postal Service. (Id., Attachment 4). The Postal Service then adopted the decision of the Administrative Judge as its final agency action. ( Id., Attachment 5). Plaintiff filed an appeal of the Postal Service's final action to the EEOC's Office of Federal Operations. The EEOC issued its decision regarding Plaintiff's appeal

on March 25, 2009. (Id., Attachment 6). Although Plaintiff filed a request for reconsideration of the EEOC's decision regarding her appeal, she filed the present action prior to the issuance of a decision on that request. (Doc. 3, Complaint).

## OPINION

A federal employee must exhaust all administrative remedies before bringing an employment discrimination suit in federal district court. *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004). In order for a postal employee to exhaust all administrative remedies, the "aggrieved person must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved informally, the plaintiff must file an individual complaint within 15 days of receipt of notice of the right to file a formal complaint. 29 C.F.R. § 1614.106(b). Once the formal complaint is filed, an investigation is commenced and an investigatory file is prepared and furnished to the plaintiff. 29 C.F.R. § 1614.108. The plaintiff may then either request a final agency decision or a hearing before an EEOC administrative judge. 29 C.F.R. § 1614.108(f).

Hostile Environment (Count I)

Defendant argues that Counts I and II of Plaintiff's Complaint and portions of Count III should be dismissed for failure to exhaust her administrative remedies. In Count I, Plaintiff asserts a claim for hostile environment based upon her disability. Her claim includes allegations dating back to 1987 and details incidents involving employees at various locations within the Postal Service. However, Plaintiff did not include these allegations, nor did she raise a hostile environment claim, in her August 2005 Administrative Complaint. (Doc. 9, Ex. 1, Attachment 2). Indeed, in her Administrative Complaint, Plaintiff states that the alleged acts of discrimination began on August 17, 2004, with "specific dates [including] 1/12/05, 1/28/05, and 4/20/05." (Doc. 9, Ex. 1, Attachment 2). Defendant argues that, because these allegations of harassment were not, therefore, exhausted, Count I of Plaintiff's Complaint for hostile work environment must be dismissed. Plaintiff, in response, advances a continuing violation theory in support of her hostile environment claim.

Discrimination based on a hostile or abusive work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993)(citations and internal quotation marks omitted). A claim for hostile environment must be "composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 117 (2002). A Hostile environment claim differs from discrete acts in that it involves "'unlawful employment practices' [which] cannot be said to occur on any particular day." *Id.* at 115. Plaintiff's Administrative Complaint, while containing allegations of four distinct acts of discrimination, contains no allegation of a

3

hostile environment. (Doc. 3, Ex. 1, attached). Furthermore, the administrative investigation targeted the only discrete act of disability discrimination which was considered timely. It cannot be said that a hostile environment claim dating back to 1987 would "reasonably flow" from the investigation of this discrete claim of disability discrimination. *See Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367 (6th Cir. 2002)("the general rule in this circuit ... is that the 'judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'")(quoting *Ang v. Proctor & Gamble, Co.*, 932 F.2d 540, 545 (6th Cir. 1991)); *see also Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir. 2004). For this reason, Plaintiff's failure to raise a hostile environment claim administratively proves fatal to her claim for such in Count I.

Additionally, Plaintiff argues that the allegations in the Complaint constitute a continuing violation. Plaintiff relies upon *Morgan* for the proposition that a hostile environment claim may be based, in part, on acts that occurred outside of the statutory limitations period as long as any act contributing to that hostile environment occurred within the statutory time period. Unfortunately, Plaintiff misapplies the holding of *Morgan* to the facts of this case. In *Morgan*, the Supreme Court held that,

> A Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period- 180 or 300 days- set forth in 42 U.S.C. §2000e-5(e)(1). A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.

536 U.S. at 122. The court specifically cautioned that the untimely acts must relate to the timely acts to be part of the same hostile environment. 536 U.S. at 118. To be part of the same hostile environment, both the pre-limitations and post-limitations period incidents must have involved "the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers." *Id.* at 120; *see also El-Zabet v. Nissan North America, Inc.*, 211 Fed. Appx. 460, 464-65 (6th Cir. Dec. 22, 2006)(holding that untimely claims were not similar nor continuing with respect to timely claims because the claims involved different types of actions (negative performance reviews vs. personal slurs), different managers at different work locations and involved a gap of eleven months between the incidents); *Ejikeme v. Violet*, 307 Fed. Appx. 944 at n.1 (6th Cir. Jan. 26, 2009)(affirming district court's finding that untimely allegations were not sufficiently related to other hostile work environment allegations to form one continuous hostile work environment where they were a different type of harassment and were temporally distant from timely allegations). In the present case, the only claim which was timely raised in Plaintiff's Administrative Complaint involved Plaintiff's claim that she was sent a letter on April 20, 2005, instructing her to report to the Mid-City Station on April 27, 2005, for a pre-disciplinary interview for which she failed to report and was subsequently issued a Notice of Suspension dated April 29, 2005. Plaintiff identified Edward Westerfield as the manager who was responsible for the actions alleged in this claim. In contrast, as a basis for her hostile

4

environment claim, Plaintiff cites to incidents which took place over a span of eighteen years and which involved seventeen different actors and which took place in seven separate work locations. (Doc. 3, at Count I, at ¶¶ 16-18). The actions alleged in this claim also include a variety of actions which are not similar to the disciplinary suspension about which Plaintiff complained administratively. Some of these actions include delays in providing medical attention (Id. at ¶ 16(a)(iii)), threats (Id. at ¶ 16(a)(ii),(f)(iii), failure to provide Plaintiff with requested work assignments (Id. at ¶16(a)(v)), requiring Plaintiff to work disadvantageous work assignments (Id. at ¶16(a)(iv)), providing Plaintiff with false information regarding her benefits (Id. at ¶16(b)(i)), refusal to provide Plaintiff with training (Id. at ¶16(d)(i)(ii), refusal to assist Plaintiff in obtaining a promotion (Id. at ¶16(c)(i), (d)(i)(ii)), and the failure to respond to correspondence from Plaintiff (Id. at ¶16(g)(i); ¶17). The actions cited in Count I of Plaintiff's Complaint are simply not sufficiently related so as to be considered part of the same hostile work environment. *Morgan*, 536 U.S. at 120. Accordingly, Plaintiff fails to establish a claim for hostile work environment based upon these discrete acts and Count I should be dismissed.

Disability Discrimination (Count II)

Plaintiff alleges in Count II that, on August 17, 2004, her supervisor, Jim Price, assigned her to a job which exceeded her work restrictions and, when she refused to perform the work, verbally abused her. (Doc. 3, at ¶¶ 29-31). Plaintiff states that Price then refused to sign papers permitting Plaintiff one hour of sick leave. (Id. at ¶ 36). Because Plaintiff failed to initiate contact with an EEO Counselor within 45 days of this incident, this claim was dismissed from Plaintiff's Administrative Complaint as untimely. (Doc. 9, Ex. 1, Attachment 1). Moreover, Plaintiff had raised this claim in a prior EEO complaint. (Id. at Ex. 1, Attachment 3). Plaintiff again argues that, "as a continuing violation of hostile environment," the incident with Price is not time barred and she should be permitted to base her claim of disability discrimination upon the incident. As discussed above, no hostile environment claim was raised, nor exhausted, administratively. Moreover, the alleged incident with Price concerned being told to work outside her restrictions on one specific date by one specific supervisor. There are no factual allegations of any similar incidents of being told to work outside her restrictions by Price which fall within the statutory period. Further, this incident was a discrete act "of which [Plaintiff] was immediately aware when [it] occurred." *See Dendinger v. Ohio*, 207 Fed. Appx. 521, 526 (6th Cir. Nov. 14, 2006) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 247-48 (6th Cir. 2003); *see also Erbel v. Johanns*, 2007 WL 1387331 (E.D. Tenn. 2007) (The failure to accommodate a disability is a discrete act of discrimination subject to the reporting requirement); *Butler v. Potter*, 345 F.Supp.2d 844, 851 (E.D. Tenn. 2004)(holding that a denial of a request for accommodation is a "discrete act."). We therefore find that this incident was a discrete act of discrimination, separately actionable as an "unlawful employment practice." *Morgan*, at 114. Because Plaintiff failed to raise this claim within the required statutory limitations period, it was not administratively exhausted and cannot form the basis of Plaintiff's disability discrimination claim in Count II. Accordingly, Count II of Plaintiff's Complaint should be dismissed.

5

Retaliation (Count III)

Plaintiff alleges that, on January 12, 2005, she was sent blank FMLA forms to complete by the manager of the Mid-City Station, Ed Westerfield. She states that these were sent despite her approval for FMLA leave on January 11, 2005. (Doc. 3, at ¶¶ 38, 39). Due to her previous transfer to another location, Plaintiff did not believe that Westerfield was a supervisor with authority over her so she did not complete the forms. (Id. at ¶ 50). She was then issued a Letter of Warning dated February 8, 2005. (Id. at ¶ 52). Because these incidents did not occur within the 45 days of Plaintiff's April 21, 2005 initial contact with a Postal Service EEO Counselor, this claim was dismissed from her Administrative Complaint and was not, therefore, administratively exhausted. As discussed above, *see supra* at pp. 3-5, this discrete act, of which Plaintiff was immediately aware, cannot form the basis for a hostile environment claim under a continuing violation theory. Therefore, Plaintiff was required to timely raise this claim and she failed to do so. *See Dendinger*, 207 Fed. Appx. at 526.

The only claims for which Plaintiff has properly exhausted her administrative remedies are those regarding the April 12, 2005 letter to Plaintiff from Westerfield instructing Plaintiff to provide medical documentation within five days of her receipt of the letter, the April 20, 2005 letter from Westerfield directing Plaintiff to report to the Mid-City Station on April 27, 2005 for a pre-disciplinary interview and the resulting April 29, 2005 Notice of Suspension. These claims were filed within the statutory limitations period and were administratively exhausted. As such, these claims are the sole issues appropriate as a basis for Count III of Plaintiff's Complaint.

Punitive Damages

42 U.S.C. § 1981a specifically provides that,

> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. §1981a(b)(1)(emphasis added). The United States Postal Service qualifies as a "government agency" under this exemption. *Robinson v. Runyan*, 149 F.3d 507, 517 (6th Cir. 1998). For this reason, Plaintiff's demand for punitive damages is improper and should be denied.

6

**IT IS THEREFORE RECOMMENDED THAT:**

1)  Defendant's Motion for Partial Dismissal (Doc. 9) should be GRANTED.

2)  Counts I and II of Plaintiff's Complaint should be DISMISSED.

3)  With respect to Count III of Plaintiff's Complaint, only those claims concerning Westerfield's April 12, 2005 letter to Plaintiff, Westerfield's April 20, 2005 letter to Plaintiff regarding a pre-disciplinary hearing and the April 29, 2005 Notice of Suspension should be permitted to form the basis of Plaintiff's claim for disability discrimination.

Date: 9/28/10

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\DISCRIM\Guethlein.mtd.wpd